**Annemarie Franklin, Esq.** (CA Bar No. 150734)
E-mail: af102@nyc.rr.com
830 Broadway
P.O. Box 1024 Cooper Station
New York, NY 10276-1024
212-475-1630

7562 Ellis Avenue, Suite A5
Huntington Beach, CA 92648
917-686-7420

**Frederick H. Cohn**
E-mail: fcohn@frederickhcohn.com
61 Broadway, Suite 1601
New York, NY 10006
212-768-1110

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENDIP LLC & WENDY CARLOS,<br><br>    Plaintiffs,<br><br>  vs.<br><br>WARNER BROS. ENTERTAINMENT INC.,<br><br>    Defendant. | Case CV08-07739 RGK (RCx)<br><br>**NOTICE OF LODGING OF UNPUBLISHED AUTHORITY IN SUPPORT OF MOTION TO DISMISS** |
| WARNER BROS. ENTERTAINMENT INC.,<br><br>    Counter-Claimant,<br><br>  vs.<br><br>SERENDIP LLC,<br><br>    Counter-Defendant. | DATE: April 20, 2009<br>TIME: 9:00 a.m.<br>PLACE: Courtroom 850<br>    255 E. Temple St.<br>    Los Angeles, CA |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that a true copy of the unpublished authority cited in the Memorandum of Points and Authorities in support of Counter-Defendant's Motion to Dismiss is being lodged with the Court.

Dated: February 26, 2009

By_____s/_____
Annemarie Franklin
Attorney for Plaintiff &
Counter-Defendant
Serendip LLC

265 Fed. Appx. 624, *; 2008 U.S. App. LEXIS 2291, **;
Copy. L. Rep. (CCH) P29,510



1 of 1 DOCUMENT

**GLADWELL GOVERNMENT SERVICES, INC., Plaintiff - Appellant, v. COUNTY OF MARIN; COUNTY OF TUOLUMNE, a legal subdivision of the State of California, Defendants - Appellees.**

No. 05-17327

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

*265 Fed. Appx. 624; 2008 U.S. App. LEXIS 2291; Copy. L. Rep. (CCH) P29,510*

November 7, 2007, Argued and Submitted, San Francisco, California
January 28, 2008, Filed

**NOTICE:** PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** [**1]
Appeal from the United States District Court for the Northern District of California. D.C. No. CV-04-03332-SBA. Saundra B. Armstrong, District Judge, Presiding.
*Gladwell Governmental Servs. v. County of Marin, 2005 U.S. Dist. LEXIS 42276 (N.D. Cal., Oct. 15, 2005)*

**DISPOSITION:** REVERSED AND REMANDED.

**COUNSEL:** For GLADWELL GOVERNMENT SERVICES, INC., Plaintiff - Appellant: Kevin D. Hughes, Los Angeles, CA.

For COUNTY OF MARIN, COUNTY OF TUOLUMNE, a legal subdivision of the State of California, Defendants - Appellees: Cary M. Adams, Esq., Geoffrey Alan Goodman, MURPHY AUSTIN ADAMS SCHOENFELD LLP, Sacramento, CA.

**JUDGES:** Before: HUG, THOMAS, and TALLMAN, Circuit Judges.

**OPINION**

[*625] MEMORANDUM *

> \*   This disposition is not appropriate for publication and is not precedent except as provided by *9th Cir. R. 36-3.*

Before: HUG, THOMAS, and TALLMAN, Circuit Judges.

Gladwell Government Services, Inc. ("Gladwell") appeals the district court's dismissal of its copyright infringement action for failure to state a claim under *Rule 12(b)(6)*. We reverse. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

I

We review *de novo* a dismissal for failure to state a claim under *Rule 12(b)(6). Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).* At this stage, we take as true allegations of material [**2] fact in the complaint and construe the pleadings in the light most favorable to the nonmoving party. Id. Our review is generally limited to the contents of the complaint, but we "may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006).* As the parties concede, we may consider the 1999 contract between Gladwell and Marin under the foregoing exception.

II

The central claim raised on appeal is that Gladwell had authored and obtained copyright protection in certain material ("Pre-Existing Materials") that pre-dated the Marin contract that resulted in the creation of the retention schedules ("Marin Schedules"). The Copyright Act provides that copyright ownership "vests initially in the author or authors of the [*626] work." *17 U.S.C. § 201(a).* However, if the work is made "for hire," "the employer or other person for whom the work was prepared is considered the author . . . and, unless the parties have expressly agreed otherwise in a written instrument [**3] signed by them, owns all of the rights comprised in the copyright." *17 U.S.C. § 201(b). Section 101 of the Copyright Act* defines a "work made for hire"

Page 2

265 Fed. Appx. 624, *; 2008 U.S. App. LEXIS 2291, **;
Copy. L. Rep. (CCH) P29,510

is "a work specially ordered or commissioned . . . if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire . . . ." *17 U.S.C. § 101(2)*. The plain language of the statute indicates that a work-for-hire agreement cannot apply to works that are already in existence. Works "specially ordered or commissioned" can only be made *after* the execution of an express agreement between the parties. See *Playboy Enters., Inc. v. Dumas, 53 F.3d 549, 558-59 (2d Cir. 1995); Schiller & Schmidt, Inc. v. Nordisco Corp., 969 F.2d 410, 412-13 (7th Cir. 1992)* ("The writing must precede the creation of the property" to qualify as a work-for-hire agreement). Accordingly, Marin could not acquire copyright ownership in Gladwell's Pre-Existing Materials through a work-for-hire agreement.

Additionally, the agreement did not transfer Gladwell's copyright interest in the Pre-Existing Materials to Marin. The agreement provides that "[a]ll reports, information, data, work product, findings, and conclusions [**4] furnished to or collected, prepared, assembled, and/or made by [Gladwell's agents] under this Agreement ("Work Product") shall be the property of [Marin]." This language by itself cannot operate to effect a copyright transfer as a matter of law. See *17 U.S.C. § 204(a)* (requiring that a transfer of copyright ownership must be made in a signed writing); *Effects Assocs., Inc. v. Cohen, 908 F.2d 555, 557 (9th Cir. 1990)*. Transfer of a copyright interest must be made expressly. Id. ("The rule is really quite simple: If the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so.").

Because Gladwell has alleged a protectable copyright interest in the Pre-Existing Materials that cannot be transferred except in conformity with the requirements of the Copyright Act, Gladwell has standing to sue for copyright infringement and has stated a claim for relief sufficient to withstand a motion to dismiss on the pleadings.

III

Although Gladwell has stated a claim sufficient to avoid a *Rule 12(b)(6)* dismissal, it is far from evident that it has a legitimate claim. The record is simply too undeveloped to make that conclusion. [**5] It is unclear what, if anything, comprises the Pre-Existing Materials, and whether the Pre-Existing Materials or the Marin Schedules are, in fact, copyrightable -- that is, whether they involve the requisite "minimal degree of creativity" necessary for copyright protection. See *Feist Publ'ns, Inc. v. Rural Telephone Serv. Co., 499 U.S. 340, 345, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)*.

It is also unclear from the record whether the contract, setting aside the question of the Pre-Existing Materials, actually created a work-for-hire agreement as contemplated by the Copyright Act. The district court's determination was based on a misreading of several parts of the contract. For instance, the district court read the contract to provide that all work product "furnished to [Marin]" shall be the property of Marin, when in fact it states that all work product "furnished to [Gladwell]" shall be the property of Marin. Additionally, the district court reported that Gladwell [*627] cannot "use or publish" the Marin Schedules without Marin's prior authorization, but the contract only prohibits Gladwell from publishing (or making available) the Marin Schedules without Marin's authorization.

All of these matters are committed to the careful [**6] consideration of the district court on remand, and we express no opinion on any of these questions. Our holding simply is that Gladwell has standing to sue and its complaint survives the minimal requirements of *Rule 12(b)(6)*.

**REVERSED AND REMANDED.**