# EXHIBIT A

CALDWELL LESLIE & PROCTOR, PC
CHRISTOPHER G. CALDWELL, SBN 106790
Email: caldwell@caldwell-leslie.com
LINDA M. BURROW, SBN 194668
Email: burrow@caldwell-leslie.com
TINA WONG, SBN 250214
Email: wong@caldwell-leslie.com
1000 Wilshire Blvd., Suite 600
Los Angeles, California 90017-2463
Telephone (213) 629-9040
Facsimile (213) 629-9022

Attorneys for Defendant and Counter-claimant
WARNER BROS. ENTERTAINMENT INC.

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENDIP LLC & WENDY CARLOS, <br><br> Plaintiffs, <br> v. <br><br> WARNER BROS. ENTERTAINMENT INC., <br><br> Defendant. | CASE NO. CV 08-07739 RGK (RCx) <br><br> The Honorable R. Gary Klausner <br><br> **FIRST AMENDED COUNTERCLAIM** |
| WARNER BROS. ENTERTAINMENT INC. <br><br> Counter-claimant, <br> v. <br><br> SERENDIP LLC, a New York limited liability company, and WENDY CARLOS, an individual, <br><br> Counter-defendants. | **DEMAND FOR JURY TRIAL** |

Without conceding that it bears the burden of proof as to any of these issues, and reserving its right to add additional counterclaims as discovery progresses, Defendant and Counter-claimant Warner Bros. Entertainment Inc. ("Warner Bros.") hereby asserts the following counterclaims against Plaintiffs and Counter-defendants Serendip LLC, a New York limited liability company ("Serendip") and Wendy Carlos, an individual ("Carlos") (collectively, "Counter-defendants"):

## PARTIES

1. Warner Bros. is a Delaware corporation with its principal place of business in Burbank, California. Warner Bros. is the copyright owner and distributor of the motion picture, "The Shining."

2. Warner Bros. is informed and believes that Serendip is a limited liability company formed under the laws of the State of New York, with its principal place of business in New York.

3. Warner Bros. is informed and believes that Wendy Carlos is an individual residing in New York.

## JURISDICTION

4. This Court has original jurisdiction over Warner Bros.' counterclaim for copyright infringement pursuant to 17 U.S.C. § 101 *et seq.* under 28 U.S.C. § 1338(a).

5. This Court also has original jurisdiction over Warner Bros.' counterclaim pursuant to 28 U.S.C. § 1332 in that it is a civil action between citizens of different states in which the matter in controversy, exclusive of costs and interest, exceeds $75,000.

6. This Court also has supplemental jurisdiction over Warner Bros.' counterclaim pursuant to 28 U.S.C. § 1367 in that the claim asserted herein is so related to the claims asserted in Plaintiffs' complaint as to form the same case or controversy.

## BACKGROUND FACTS

7. At some time prior to the commencement of photography for "The Shining," Carlos, on her own behalf and on behalf of Trans-Electronic Music, Inc. ("Trans-Electronic"), entered into an agreement with Director Stanley Kubrick pursuant to which Carlos agreed to write, compose, arrange, orchestrate, and conduct the recording of music for the soundtrack of the film "The Shining."

8. On or about January 25, 1980, Trans-Electronic entered into a "Composer Loanout Agreement" with Peregrine Filmmaatschappij, N.V. ("Peregrine"), which provided that Wendy Carlos and Rachel Elkind would write, compose, arrange, orchestrate, and conduct the recording of music for the picture and trailer of "The Shining." The agreement was signed by Carlos as President of Trans-Electronic, and countersigned by Carlos and Elkind in their individual capacities.

9. The parties agreed that all works created pursuant to the Composer Loanout Agreement "is and shall be considered a 'work made for hire' for [Peregrine]"; and that "[Peregrine] is and shall be considered the author and composer of said material for all purposes." Trans-Electronic further agreed to "grant[ ] to [Peregrine] all rights which it may have in and to all said material" and to transfer all "rights of every kind and character whatsoever throughout the world, whether or not such rights are now-known, recognized or contemplated, and the complete unconditional and unencumbered title throughout the world in and to" music and arrangements "heretofore or hereafter written, composed, submitted...and invented by [Carlos] in connection with ['The Shining']."

10. Also on or about January 25, 1980, Trans-Electronic and Peregrine entered into a separate letter agreement (the "Letter Agreement") whereby the parties acknowledged that Trans-Electronic had produced a demonstration tape in connection with "The Shining" and that, for the additional sum of $1,000, "all musical compositions contained in said demonstration tape shall be deemed

CALDWELL
LESLIE &
PROCTOR

-2-

included within the music composed by [Wendy Carlos and Rachel Elkind] under [the Composer Loanout Agreement]."

11. The works entitled "Dies Irae" and "Rocky Mountains" were submitted to Peregine under the Composer Loanout Agreement. Therefore, under the terms of the Composer Loanout Agreement and the Letter Agreement, (1) "Dies Irae" and "Rocky Mountains" are "works made for hire," and (2) Trans-Electronic granted to Peregrine all rights which it may have had in "Dies Irae" and "Rocky Mountains."

12. The work entitled "Clockworks" is contained in the demonstration tape referenced in the Letter Agreement. Therefore, under the terms of the Composer Loanout Agreement and the Letter Agreement, (1) "Clockworks" is a "work made for hire," and (2) Trans-Electronic granted to Peregrine all rights which it may have had in "Clockworks."

13. The work entitled "Nocturnal Valse Triste" is contained in the demonstration tape referenced in the Letter Agreement. Therefore, under the terms of the Composer Loanout Agreement and the Letter Agreement, (1) "Nocturnal Valse Triste" is a "work made for hire," and (2) Trans-Electronic granted to Peregrine all rights which it may have had in "Nocturnal Valse Triste."

14. Warner Bros. is informed and believes that Serendip is the successor-in-interest to Trans-Electronic and is therefore bound by the Composer Loanout Agreement and the Letter Agreement.

15. Warner Bros. is the successor-in-interest to the rights obtained by Peregrine in the Composer Loanout Agreement and the Letter Agreement.

16. "Dies Irae" and "Rocky Mountains" were included in the soundtrack for "The Shining," which was released theatrically in the United States on or about May 23, 1980. "The Shining," and all of its component parts, was registered for copyright by Warner Bros., Inc., the predecessor-in-interest to

1. Warner Bros. on July 31, 1980. The registration number for "The Shining" is PA 77-409.

17. "Clockworks" and "Nocturnal Valse Triste" were registered for copyright by Warner Bros. as the employer for hire of Wendy Carlos and Rachel Elkind. The registration numbers for "Clockworks" and "Noctural Valse Triste" are, respectively, PA 1-621-074 and PA 1-621-069, effective March 2, 2009.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501 et seq.)
## (AGAINST SERENDIP AND CARLOS)

18. Warner Bros. realleges each and every allegation set forth in Paragraphs 1 through 17, inclusive, and incorporates them herein by this reference.

19. At all relevant times, Warner Bros. and/or its predecessors-in-interest have owned the copyrights to "The Shining" and all of its component parts, including "Dies Irae" and "Rocky Mountains."

20. Warner Bros. has complied in all respects with Title 17 of the United States Code, in obtaining certificates of registration from the Register of Copyrights to secure the exclusive rights and privileges in and to its copyrights. A copy of the certificate of registration for "The Shining" from the Register of Copyrights is attached hereto as Exhibit A.

21. Warner Bros. is informed and believes that Serendip and Carlos have infringed Warner Bros.'s copyrights by offering for sale, selling, advertising, and distributing compact discs and/or other products that contain "Dies Irae" (under the name "Title Music Dies" and "Clockworks Dies") and "Rocky Mountains. Serendip's and Carlos's conduct as described above constitutes infringement of Warner Bros.'s federal copyrights. Upon information and belief, Serendip's and Carlo's conduct was and is willfully done with knowledge of Warner Bros.'s federal copyrights.

CALDWELL
LESLIE &
PROCTOR

-4-

22. As a result of Serendip's and Carlos's wrongful conduct, Warner Bros. is entitled to injunctive relief and damages in an amount to be proven at trial, but in no case less than $75,000.

## SECOND CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501 et seq.)
## (AGAINST SERENDIP AND CARLOS)

23. Warner Bros. realleges each and every allegation set forth in Paragraphs 1 through 22, inclusive, and incorporates them herein by this reference.

24. At all relevant times, Warner Bros. and/or its predecessors-in-interest have owned the copyrights to "Clockworks."

25. Warner Bros. has complied in all respects with Title 17 of the United States Code, in obtaining certificates of registration from the Register of Copyrights to secure the exclusive rights and privileges in and to its copyrights. A copy of the certificates of registration for "Clockworks" from the Register of Copyrights is attached hereto as Exhibit B.

26. Warner Bros. is informed and believes that Serendip and Carlos have infringed Warner Bros.'s copyrights by offering for sale, selling, advertising, and distributing compact discs and/or other products that contain "Clockworks." Serendip's and Carlos's conduct as described above constitutes infringement of Warner Bros.'s federal copyrights. Upon information and belief, Serendip's and Carlo's conduct was and is willfully done with knowledge of Warner Bros.'s federal copyrights.

27. As a result of Serendip's and Carlos's wrongful conduct, Warner Bros. is entitled to injunctive relief and damages in an amount to be proven at trial, but in no case less than $75,000.

CALDWELL
LESLIE &
PROCTOR

## THIRD CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501 et seq.)
## (AGAINST SERENDIP AND CARLOS)

28. Warner Bros. realleges each and every allegation set forth in Paragraphs 1 through 27, inclusive, and incorporates them herein by this reference.

29. At all relevant times, Warner Bros. and/or its predecessors-in-interest have owned the copyright to "Nocturnal Valse Triste."

30. Warner Bros. has complied in all respects with Title 17 of the United States Code, in obtaining certificates of registration from the Register of Copyrights to secure the exclusive rights and privileges in and to its copyrights. A copy of the certificate of registration for "Nocturnal Valse Triste" from the Register of Copyrights is attached hereto as Exhibit C.

31. Warner Bros. is informed and believes that Serendip and Carlos have infringed Warner Bros.'s copyrights by offering for sale, selling, advertising, and distributing compact discs and/or other products that contain "Nocturnal Valse Triste." Serendip's and Carlos's conduct as described above constitutes infringement of Warner Bros.'s federal copyrights. Upon information and belief, Serendip's and Carlo's conduct was and is willfully done with knowledge of Warner Bros.'s federal copyrights.

32. As a result of Serendip's and Carlos's wrongful conduct, Warner Bros. is entitled to injunctive relief and damages in an amount to be proven at trial, but in no case less than $75,000.

CALDWELL
LESLIE &
PROCTOR

# FOURTH CLAIM FOR RELIEF
## (UNFAIR COMPETITION – Cal. Bus. & Prof. Code § 17200 et seq.)
## (AGAINST SERENDIP)

33. Warner Bros. realleges each and every allegation set forth in Paragraphs 1 through 32, inclusive, and incorporates them herein by this reference.

34. Warner Bros. is informed and believes that Serendip submitted an application to register a work entitled, "Rediscovering Lost Scores" and individual works contained in "Rediscovering Lost Scores" to the U.S. Copyright Office. Among the individual works contained in "Rediscovering Lost Scores" are "Dies Irae," "Rocky Mountains," "Nocturnal Valse Triste" and "Clockworks."

35. Warner Bros. is informed and believes that Serendip informed the U.S. Copyright Office that "Rediscovering Lost Scores" and the individual works contained therein were not works made for hire.

36. Warner Bros. is informed and believes that Serendip represented to the U.S. Copyright Office that it owns the copyrights to "Rediscovering Lost Scores" and the individual works therein pursuant to a transfer of all rights by the authors. Warner Bros. is informed and believes that Serendip represented to the Copyright Office that Wendy Carlos and/or Rachel Elkind are the authors of "Rediscovering Lost Scores" and the individual works contained therein.

37. At the time of these representations to the U.S. Copyright Office, Serendip knew that, in fact, (a) "Dies Irae," "Rocky Mountains," "Nocturnal Valse Triste" and "Clockworks" are works made for hire; (b) Peregrine's successor-in-interest is considered the author and composer of "Dies Irae," "Rocky Mountains," "Nocturnal Valse Triste" and "Clockworks" for all purposes; (c) Trans-Electronic had granted all rights in "Dies Irae," "Rocky Mountains," "Nocturnal Valse Triste" and "Clockworks" to Peregrine; and (d) Carlos and Elkind did not have the right to

1  transfer, and could not have transferred, any rights in "Dies Irae," "Rocky
2  Mountains," "Nocturnal Valse Triste" and "Clockworks" to Serendip.

3      38.    In reliance on Serendip's false representations, the U.S. Copyright
4  Office issued copyright registration number SR 610-073 to Serendip for
5  "Rediscovering Lost Works" and individual titles contained therein. A copy of the
6  registration certificate is attached to the Complaint filed by Serendip and Carlos as
7  Exhibit B.

8      39.    Warner Bros. is informed and believes that the U.S. Copyright Office
9  would not have issued copyright registration number SR 610-073 to Serendip for
10 "Rediscovering Lost Works" and individual titles contained therein if it had known
11 any of the following: (a) "Dies Irae," "Rocky Mountains," "Nocturnal Valse
12 Triste" and "Clockworks" are works made for hire; (b) Peregrine's successor-in-
13 interest is considered the author and composer of "Dies Irae," "Rocky Mountains,"
14 "Nocturnal Valse Triste" and "Clockworks" for all purposes; (c) Trans-Electronic
15 had granted all rights in "Dies Irae," "Rocky Mountains," "Nocturnal Valse Triste"
16 and "Clockworks" to Peregrine; and (d) Carlos and Elkind did not have the right to
17 transfer, and could not have transferred, any rights in "Dies Irae," "Rocky
18 Mountains," "Nocturnal Valse Triste" and "Clockworks" to Serendip.

19     40.    Under the aegis of their fraudulent registration of, and claim to, the
20 copyright to "Dies Irae," "Rocky Mountains," "Nocturnal Valse Triste" and
21 "Clockworks," Serendip and Carlos have enriched themselves by selling compact
22 discs and other products containing "Nocturnal Valse Triste" and "Clockworks."

23     41.    As a consequence of Serendip's actions, the public and the U.S.
24 Copyright Office have been deceived into believing that Serendip, and not Warner
25 Bros. owns the copyright to "Dies Irae," "Rocky Mountains," "Nocturnal Valse
26 Triste" and "Clockworks." Such conduct has, and will continue to, injure Warner
27 Bros.'s reputation and sale of music from "The Shining" by, among other things,
28

CALDWELL
LESLIE &
PROCTOR

-8-

interfering with Warner Bros.'s ability to market and sell music and other products associated with "The Shining."

42. Serendip's acts hereinabove alleged are unlawful, unfair and/or fraudulent acts within the meaning of California Business and Professions Code Section 17200 et seq.

43. As a result of the unlawful conduct described above, Serendip has caused and will continue to cause, if not enjoined, substantial and irreparable damage to Warner Bros., and to its business and reputation, the exact nature and extent of which cannot be ascertained at this time, but which will be established at trial, and for which there is no adequate remedy at law.

WHEREFORE, Warner Bros. prays for a judgment as follows:

1. That for the First Claim for Relief, for Copyright Infringement, that Serendip and Carlos, and their agents, servants, employees, representatives, successors, and assigns and all persons, firms, or corporations in active concert or participation with any of said Counter-defendants, be immediately and permanently enjoined from:

    (a) Directly or indirectly infringing on Warner Bros.'s copyright in "Dies Irae" or "Rocky Mountains" in any manner, including generally, but not limited to distributing, advertising, selling, and/or offering for sale any unauthorized products which infringe Warner Bros.' copyrights.

    (b) Effecting assignments or transfers, forming new entities or associations or utilizing any other means or device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraph (a).

2. That for the First Claim For Relief, for Copyright Infringement:

-9-

    (a)    Those Counter-defendants infringing upon Warner Bros.'s copyrights "Dies Irae" or "Rocky Mountains" be required to pay actual damages increased to the maximum extent provided by law; or

    (b)    At Warner Bros.'s election, Warner Bros. be awarded, in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c);

3. That for the Second Claim for Relief, for Copyright Infringement, that Serendip and Carlos, and their agents, servants, employees, representatives, successors, and assigns and all persons, firms, or corporations in active concert or participation with any of said Counter-defendants, be immediately and permanently enjoined from:

    (a)    Directly or indirectly infringing on Warner Bros.'s copyright in "Clockworks" in any manner, including generally, but not limited to distributing, advertising, selling, and/or offering for sale any unauthorized products which infringe Warner Bros.' copyrights.

    (b)    Effecting assignments or transfers, forming new entities or associations or utilizing any other means or device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraph (a).

4. That for the Second Claim For Relief, for Copyright Infringement:

    (a)    Those Counter-defendants infringing upon Warner Bros.'s copyrights "Clockworks" be required to pay actual damages increased to the maximum extent provided by law; or

    (b)    At Warner Bros.'s election, Warner Bros. be awarded, in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c).

5. That for the Third Claim for Relief, for Copyright Infringement, that Serendip and Carlos, and their agents, servants, employees, representatives,

CALDWELL
LESLIE &
PROCTOR

successors, and assigns and all persons, firms, or corporations in active concert or participation with any of said Counter-defendants, be immediately and permanently enjoined from:

    (a) Directly or indirectly infringing on Warner Bros.'s copyright in "Nocturnal Valse Triste" in any manner, including generally, but not limited to distributing, advertising, selling, and/or offering for sale any unauthorized products which infringe Warner Bros.' copyrights.

    (b) Effecting assignments or transfers, forming new entities or associations or utilizing any other means or device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraph (a).

6. That for the Third Claim For Relief, for Copyright Infringement:

    (a) Those Counter-defendants infringing upon Warner Bros.'s copyrights "Nocturnal Valse Triste" be required to pay actual damages increased to the maximum extent provided by law; or

    (b) At Warner Bros.'s election, Warner Bros. be awarded, in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c).

7. That for the Fourth Claim for Relief, for Unfair Competition in violation of California law, that Serendip be and its agents, servants, employees, representatives, successors, and assigns and all persons, firms, or corporations in active concert or participation with Serendip, be immediately and permanently enjoined from directly or indirectly in any manner claiming the rights and benefits of having registered the copyright to "Dies Irae," "Rocky Mountains," "Nocturnal Valse Triste" and "Clockworks" with the U.S. Copyright Office.

8. That for the Fourth Claim for Relief, for Unfair Competition in violation of California law, that Serendip be ordered to withdraw its claim to its

CALDWELL
LESLIE &
PROCTOR

copyright registration of "Dies Irae," "Rocky Mountains," "Nocturnal Valse Triste" and "Clockworks."

9. That for the Fourth Claim For Relief for Unfair Competition in violation of California law, Serendip account for and pay over to Warner Bros. in accordance with California law, all damages sustained by Warner Bros. and profits realized by Serendip by reason of Serendip's unlawful acts herein alleged and that those damages and profits be increased as provided by law;

10. That for all claims for relief, that Serendip and Carlos be directed to file with this Court and serve upon Warner Bros. within thirty (30) days after service on them of the injunctions herein prayed for, a written report, signed under oath, setting forth in detail the manner and the form in which Serendip and Carlos have complied with the Orders of this Court; and

11. That for all claims for relief, that Warner Bros. recover from Counter-defendants its costs of this action and reasonable attorneys' fees.

DATED: April 2, 2009

Respectfully submitted,

CALDWELL LESLIE & PROCTOR, PC

By /s/ LINDA M. BURROW
Attorneys for Defendant WARNER BROS. ENTERTAINMENT INC.

# DEMAND FOR JURY TRIAL

Defendant and Counter-claimant Warner Bros. Entertainment Inc. hereby demands trial by jury in this action.

DATED: April 2, 2009

Respectfully submitted,

CALDWELL LESLIE & PROCTOR, PC

By /s/ LINDA M. BURROW
Attorneys for Defendant WARNER BROS. ENTERTAINMENT INC.