CALDWELL LESLIE & PROCTOR, PC
CHRISTOPHER G. CALDWELL, SBN 106790
Email: caldwell@caldwell-leslie.com
LINDA M. BURROW, SBN 194668
Email: burrow@caldwell-leslie.com
TINA WONG, SBN 250214
Email: wong@caldwell-leslie.com
1000 Wilshire Blvd., Suite 600
Los Angeles, California 90017-2463
Telephone (213) 629-9040
Facsimile (213) 629-9022

Attorneys for Defendant and Counter-claimant
WARNER BROS. ENTERTAINMENT INC.

FILED

2009 APR -9 PM 12: 03

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENDIP LLC & WENDY CARLOS, <br><br> Plaintiffs, <br><br> v. <br><br> WARNER BROS. ENTERTAINMENT INC., <br><br> Defendant. | CASE NO. CV 08-07739 RGK (RCx) <br><br> The Honorable R. Gary Klausner <br><br> **FIRST AMENDED COUNTERCLAIM** |
| WARNER BROS. ENTERTAINMENT INC. <br><br> Counter-claimant, <br><br> v. <br><br> SERENDIP LLC, a New York limited liability company, and WENDY CARLOS, an individual, <br><br> Counter-defendants. | **DEMAND FOR JURY TRIAL** |

CALDWELL
LESLIE &
PROCTOR

1    Without conceding that it bears the burden of proof as to any of these issues,
2  and reserving its right to add additional counterclaims as discovery progresses,
3  Defendant and Counter-claimant Warner Bros. Entertainment Inc. ("Warner
4  Bros.") hereby asserts the following counterclaims against Plaintiffs and Counter-
5  defendants Serendip LLC, a New York limited liability company ("Serendip") and
6  Wendy Carlos, an individual ("Carlos") (collectively, "Counter-defendants"):

### PARTIES

8    1.    Warner Bros. is a Delaware corporation with its principal place of
9  business in Burbank, California.  Warner Bros. is the copyright owner and
10  distributor of the motion picture, "The Shining."

11    2.    Warner Bros. is informed and believes that Serendip is a limited
12  liability company formed under the laws of the State of New York, with its
13  principal place of business in New York.

14    3.    Warner Bros. is informed and believes that Wendy Carlos is an
15  individual residing in New York.

### JURISDICTION

17    4.    This Court has original jurisdiction over Warner Bros.' counterclaim
18  for copyright infringement pursuant to 17 U.S.C. § 101 *et seq.* under 28 U.S.C. §
19  1338(a).

20    5.    This Court also has original jurisdiction over Warner Bros.'
21  counterclaim pursuant to 28 U.S.C. § 1332 in that it is a civil action between
22  citizens of different states in which the matter in controversy, exclusive of costs
23  and interest, exceeds $75,000.

24    6.    This Court also has supplemental jurisdiction over Warner Bros.'
25  counterclaim pursuant to 28 U.S.C. § 1367 in that the claim asserted herein is so
26  related to the claims asserted in Plaintiffs' complaint as to form the same case or
27  controversy.

28
CALDWELL
LESLIE &
PROCTOR

## BACKGROUND FACTS

7.     At some time prior to the commencement of photography for "The Shining," Carlos, on her own behalf and on behalf of Trans-Electronic Music, Inc. ("Trans-Electronic"), entered into an agreement with Director Stanley Kubrick pursuant to which Carlos agreed to write, compose, arrange, orchestrate, and conduct the recording of music for the soundtrack of the film "The Shining."

8.     On or about January 25, 1980, Trans-Electronic entered into a "Composer Loanout Agreement" with Peregrine Filmmaatschappij, N.V. ("Peregrine"), which provided that Wendy Carlos and Rachel Elkind would write, compose, arrange, orchestrate, and conduct the recording of music for the picture and trailer of "The Shining." The agreement was signed by Carlos as President of Trans-Electronic, and countersigned by Carlos and Elkind in their individual capacities.

9.     The parties agreed that all works created pursuant to the Composer Loanout Agreement "is and shall be considered a 'work made for hire' for [Peregrine]"; and that "[Peregrine] is and shall be considered the author and composer of said material for all purposes." Trans-Electronic further agreed to "grant[ ] to [Peregrine] all rights which it may have in and to all said material" and to transfer all "rights of every kind and character whatsoever throughout the world, whether or not such rights are now-known, recognized or contemplated, and the complete unconditional and unencumbered title throughout the world in and to" music and arrangements "heretofore or hereafter written, composed, submitted...and invented by [Carlos] in connection with ['The Shining']."

10.     Also on or about January 25, 1980, Trans-Electronic and Peregrine entered into a separate letter agreement (the "Letter Agreement") whereby the parties acknowledged that Trans-Electronic had produced a demonstration tape in connection with "The Shining" and that, for the additional sum of $1,000, "all musical compositions contained in said demonstration tape shall be deemed

CALDWELL
LESLIE &
PROCTOR

-2-

1   included within the music composed by [Wendy Carlos and Rachel Elkind] under

2   [the Composer Loanout Agreement]."

3        11.    The works entitled "Dies Irae" and "Rocky Mountains" were

4   submitted to Peregrine under the Composer Loanout Agreement.  Therefore,

5   under the terms of the Composer Loanout Agreement and the Letter Agreement,

6   (1) "Dies Irae" and "Rocky Mountains" are "works made for hire," and (2)

7   Trans-Electronic granted to Peregrine all rights which it may have had in "Dies

8   Irae" and "Rocky Mountains."

9        12.    The work entitled "Clockworks" is contained in the demonstration

10   tape referenced in the Letter Agreement.  Therefore, under the terms of the

11   Composer Loanout Agreement and the Letter Agreement, (1) "Clockworks" is a

12   "work made for hire," and (2) Trans-Electronic granted to Peregrine all rights

13   which it may have had in "Clockworks."

14        13.    The work entitled "Nocturnal Valse Triste" is contained in the

15   demonstration tape referenced in the Letter Agreement.  Therefore, under the

16   terms of the Composer Loanout Agreement and the Letter Agreement, (1)

17   "Nocturnal Valse Triste" is a "work made for hire," and (2) Trans-Electronic

18   granted to Peregrine all rights which it may have had in "Nocturnal Valse Triste."

19        14.    Warner Bros. is informed and believes that Serendip is the

20   successor-in-interest to Trans-Electronic and is therefore bound by the Composer

21   Loanout Agreement and the Letter Agreement.

22        15.    Warner Bros. is the successor-in-interest to the rights obtained by

23   Peregrine in the Composer Loanout Agreement and the Letter Agreement.

24        16.    "Dies Irae" and "Rocky Mountains" were included in the soundtrack

25   for "The Shining," which was released theatrically in the United States on or

26   about May 23, 1980.  "The Shining," and all of its component parts, was

27   registered for copyright by Warner Bros., Inc., the predecessor-in-interest to

28

CALDWELL
LESLIE &
PROCTOR

1  Warner Bros. on July 31, 1980. The registration number for "The Shining" is PA
2  77-409.

3      17.    "Clockworks" and "Nocturnal Valse Triste" were registered for
4  copyright by Warner Bros. as the employer for hire of Wendy Carlos and Rachel
5  Elkind. The registration numbers for "Clockworks" and "Nocturnal Valse Triste"
6  are, respectively, PA 1-621-074 and PA 1-621-069, effective March 2, 2009.

7                **FIRST CLAIM FOR RELIEF**
8        **(COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501 et seq.)**
9               **(AGAINST SERENDIP AND CARLOS)**

10      18.    Warner Bros. realleges each and every allegation set forth in
11  Paragraphs 1 through 17, inclusive, and incorporates them herein by this
12  reference.

13      19.    At all relevant times, Warner Bros. and/or its predecessors-in-
14  interest have owned the copyrights to "The Shining" and all of its component
15  parts, including "Dies Irae" and "Rocky Mountains."

16      20.    Warner Bros. has complied in all respects with Title 17 of the United
17  States Code, in obtaining certificates of registration from the Register of
18  Copyrights to secure the exclusive rights and privileges in and to its copyrights.
19  A copy of the certificate of registration for "The Shining" from the Register of
20  Copyrights is attached hereto as Exhibit A.

21      21.    Warner Bros. is informed and believes that Serendip and Carlos
22  have infringed Warner Bros.'s copyrights by offering for sale, selling,
23  advertising, and distributing compact discs and/or other products that contain
24  "Dies Irae" (under the name "Title Music Dies" and "Clockworks Dies") and
25  "Rocky Mountains. Serendip's and Carlos's conduct as described above
26  constitutes infringement of Warner Bros.'s federal copyrights. Upon information
27  and belief, Serendip's and Carlo's conduct was and is willfully done with
28  knowledge of Warner Bros.'s federal copyrights.

CALDWELL
LESLIE &
PROCTOR

-4-

22.   As a result of Serendip's and Carlos's wrongful conduct, Warner Bros. is entitled to injunctive relief and damages in an amount to be proven at trial, but in no case less than $75,000.

## SECOND CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501 et seq.)
## (AGAINST SERENDIP AND CARLOS)

23.   Warner Bros. realleges each and every allegation set forth in Paragraphs 1 through 22, inclusive, and incorporates them herein by this reference.

24.   At all relevant times, Warner Bros. and/or its predecessors-in-interest have owned the copyrights to "Clockworks."

25.   Warner Bros. has complied in all respects with Title 17 of the United States Code, in obtaining certificates of registration from the Register of Copyrights to secure the exclusive rights and privileges in and to its copyrights. A copy of the certificates of registration for "Clockworks" from the Register of Copyrights is attached hereto as Exhibit B.

26.   Warner Bros. is informed and believes that Serendip and Carlos have infringed Warner Bros.'s copyrights by offering for sale, selling, advertising, and distributing compact discs and/or other products that contain "Clockworks." Serendip's and Carlos's conduct as described above constitutes infringement of Warner Bros.'s federal copyrights. Upon information and belief, Serendip's and Carlo's conduct was and is willfully done with knowledge of Warner Bros.'s federal copyrights.

27.   As a result of Serendip's and Carlos's wrongful conduct, Warner Bros. is entitled to injunctive relief and damages in an amount to be proven at trial, but in no case less than $75,000.

28
CALDWELL
LESLIE &
PROCTOR

-5-

## THIRD CLAIM FOR RELIEF

## (COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501 et seq.)

## (AGAINST SERENDIP AND CARLOS)

28.     Warner Bros. realleges each and every allegation set forth in Paragraphs 1 through 27, inclusive, and incorporates them herein by this reference.

29.     At all relevant times, Warner Bros. and/or its predecessors-in-interest have owned the copyright to "Nocturnal Valse Triste."

30.     Warner Bros. has complied in all respects with Title 17 of the United States Code, in obtaining certificates of registration from the Register of Copyrights to secure the exclusive rights and privileges in and to its copyrights. A copy of the certificate of registration for "Nocturnal Valse Triste" from the Register of Copyrights is attached hereto as Exhibit C.

31.     Warner Bros. is informed and believes that Serendip and Carlos have infringed Warner Bros.'s copyrights by offering for sale, selling, advertising, and distributing compact discs and/or other products that contain "Nocturnal Valse Triste." Serendip's and Carlos's conduct as described above constitutes infringement of Warner Bros.'s federal copyrights. Upon information and belief, Serendip's and Carlo's conduct was and is willfully done with knowledge of Warner Bros.'s federal copyrights.

32.     As a result of Serendip's and Carlos's wrongful conduct, Warner Bros. is entitled to injunctive relief and damages in an amount to be proven at trial, but in no case less than $75,000.

CALDWELL
LESLIE &
PROCTOR

-6-

# FOURTH CLAIM FOR RELIEF

## (UNFAIR COMPETITION – Cal. Bus. & Prof. Code § 17200 et seq.)

## (AGAINST SERENDIP)

33.    Warner Bros. realleges each and every allegation set forth in Paragraphs 1 through 32, inclusive, and incorporates them herein by this reference.

34.    Warner Bros. is informed and believes that Serendip submitted an application to register a work entitled, "Rediscovering Lost Scores" and individual works contained in "Rediscovering Lost Scores" to the U.S. Copyright Office.  Among the individual works contained in "Rediscovering Lost Scores" are "Dies Irae," "Rocky Mountains," "Nocturnal Valse Triste" and "Clockworks."

35.    Warner Bros. is informed and believes that Serendip informed the U.S. Copyright Office that "Rediscovering Lost Scores" and the individual works contained therein were not works made for hire.

36.    Warner Bros. is informed and believes that Serendip represented to the U.S. Copyright Office that it owns the copyrights to "Rediscovering Lost Scores" and the individual works therein pursuant to a transfer of all rights by the authors.  Warner Bros. is informed and believes that Serendip represented to the Copyright Office that Wendy Carlos and/or Rachel Elkind are the authors of "Rediscovering Lost Scores" and the individual works contained therein.

37.    At the time of these representations to the U.S. Copyright Office, Serendip knew that, in fact, (a) "Dies Irae," "Rocky Mountains," "Nocturnal Valse Triste" and "Clockworks" are works made for hire; (b) Peregrine's successor-in-interest is considered the author and composer of "Dies Irae," "Rocky Mountains," "Nocturnal Valse Triste" and "Clockworks" for all purposes; (c) Trans-Electronic had granted all rights in "Dies Irae," "Rocky Mountains," "Nocturnal Valse Triste" and "Clockworks" to Peregrine; and (d) Carlos and Elkind did not have the right to

CALDWELL
LESLIE &
PROCTOR

-7-

1  transfer, and could not have transferred, any rights in "Dies Irae," "Rocky
2  Mountains," "Nocturnal Valse Triste" and "Clockworks" to Serendip.

3      38.    In reliance on Serendip's false representations, the U.S. Copyright
4  Office issued copyright registration number SR 610-073 to Serendip for
5  "Rediscovering Lost Works" and individual titles contained therein. A copy of the
6  registration certificate is attached to the Complaint filed by Serendip and Carlos as
7  Exhibit B.

8      39.    Warner Bros. is informed and believes that the U.S. Copyright Office
9  would not have issued copyright registration number SR 610-073 to Serendip for
10 "Rediscovering Lost Works" and individual titles contained therein if it had known
11 any of the following:  (a) "Dies Irae," "Rocky Mountains," "Nocturnal Valse
12 Triste" and "Clockworks" are works made for hire; (b) Peregrine's successor-in-
13 interest is considered the author and composer of "Dies Irae," "Rocky Mountains,"
14 "Nocturnal Valse Triste" and "Clockworks" for all purposes; (c) Trans-Electronic
15 had granted all rights in "Dies Irae," "Rocky Mountains," "Nocturnal Valse Triste"
16 and "Clockworks" to Peregrine; and (d) Carlos and Elkind did not have the right to
17 transfer, and could not have transferred, any rights in "Dies Irae," "Rocky
18 Mountains," "Nocturnal Valse Triste" and "Clockworks" to Serendip.

19     40.    Under the aegis of their fraudulent registration of, and claim to, the
20 copyright to "Dies Irae," "Rocky Mountains," "Nocturnal Valse Triste" and
21 "Clockworks," Serendip and Carlos have enriched themselves by selling compact
22 discs and other products containing "Nocturnal Valse Triste" and "Clockworks."

23     41.    As a consequence of Serendip's actions, the public and the U.S.
24 Copyright Office have been deceived into believing that Serendip, and not Warner
25 Bros. owns the copyright to "Dies Irae," "Rocky Mountains," "Nocturnal Valse
26 Triste" and "Clockworks." Such conduct has, and will continue to, injure Warner
27 Bros.'s reputation and sale of music from "The Shining" by, among other things,

28

CALDWELL
LESLIE &
PROCTOR

-8-

1  interfering with Warner Bros.'s ability to market and sell music and other products
2  associated with "The Shining."

3    42.   Serendip's acts hereinabove alleged are unlawful, unfair and/or
4  fraudulent acts within the meaning of California Business and Professions Code
5  Section 17200 et seq.

6    43.   As a result of the unlawful conduct described above, Serendip has
7  caused and will continue to cause, if not enjoined, substantial and irreparable
8  damage to Warner Bros., and to its business and reputation, the exact nature and
9  extent of which cannot be ascertained at this time, but which will be established at
10 trial, and for which there is no adequate remedy at law.

11

12 WHEREFORE, Warner Bros. prays for a judgment as follows:

13    1.   That for the First Claim for Relief, for Copyright Infringement, that
14 Serendip and Carlos, and their agents, servants, employees, representatives,
15 successors, and assigns and all persons, firms, or corporations in active concert or
16 participation with any of said Counter-defendants, be immediately and
17 permanently enjoined from:

18        (a)   Directly or indirectly infringing on Warner Bros.'s copyright
19              in "Dies Irae" or "Rocky Mountains" in any manner,
20              including generally, but not limited to distributing,
21              advertising, selling, and/or offering for sale any unauthorized
22              products which infringe Warner Bros.' copyrights.

23        (b)   Effecting assignments or transfers, forming new entities or
24              associations or utilizing any other means or device for the
25              purpose of circumventing or otherwise avoiding the
26              prohibitions set forth in subparagraph (a).

27    2.   That for the First Claim For Relief, for Copyright Infringement:

28

CALDWELL
LESLIE &
PROCTOR

    (a)     Those Counter-defendants infringing upon Warner Bros.'s copyrights "Dies Irae" or "Rocky Mountains" be required to pay actual damages increased to the maximum extent provided by law; or

    (b)     At Warner Bros.'s election, Warner Bros. be awarded, in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c);

3.    That for the Second Claim for Relief, for Copyright Infringement, that Serendip and Carlos, and their agents, servants, employees, representatives, successors, and assigns and all persons, firms, or corporations in active concert or participation with any of said Counter-defendants, be immediately and permanently enjoined from:

    (a)     Directly or indirectly infringing on Warner Bros.'s copyright in "Clockworks" in any manner, including generally, but not limited to distributing, advertising, selling, and/or offering for sale any unauthorized products which infringe Warner Bros.' copyrights.

    (b)     Effecting assignments or transfers, forming new entities or associations or utilizing any other means or device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraph (a).

4.    That for the Second Claim For Relief, for Copyright Infringement:

    (a)     Those Counter-defendants infringing upon Warner Bros.'s copyrights "Clockworks" be required to pay actual damages increased to the maximum extent provided by law; or

    (b)     At Warner Bros.'s election, Warner Bros. be awarded, in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c).

5.    That for the Third Claim for Relief, for Copyright Infringement, that Serendip and Carlos, and their agents, servants, employees, representatives,

CALDWELL
LESLIE &
PROCTOR

1  successors, and assigns and all persons, firms, or corporations in active concert or

2  participation with any of said Counter-defendants, be immediately and

3  permanently enjoined from:

   (a)   Directly or indirectly infringing on Warner Bros.'s copyright in "Nocturnal Valse Triste" in any manner, including generally, but not limited to distributing, advertising, selling, and/or offering for sale any unauthorized products which infringe Warner Bros.' copyrights.

   (b)   Effecting assignments or transfers, forming new entities or associations or utilizing any other means or device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraph (a).

6.   That for the Third Claim For Relief, for Copyright Infringement:

   (a)   Those Counter-defendants infringing upon Warner Bros.'s copyrights "Nocturnal Valse Triste" be required to pay actual damages increased to the maximum extent provided by law; or

   (b)   At Warner Bros.'s election, Warner Bros. be awarded, in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c).

7.   That for the Fourth Claim for Relief, for Unfair Competition in violation of California law, that Serendip be and its agents, servants, employees, representatives, successors, and assigns and all persons, firms, or corporations in active concert or participation with Serendip, be immediately and permanently enjoined from directly or indirectly in any manner claiming the rights and benefits of having registered the copyright to "Dies Irae," "Rocky Mountains," "Nocturnal Valse Triste" and "Clockworks" with the U.S. Copyright Office.

8.   That for the Fourth Claim for Relief, for Unfair Competition in violation of California law, that Serendip be ordered to withdraw its claim to its

CALDWELL
LESLIE &
PROCTOR

-11-

1   copyright registration of "Dies Irae," "Rocky Mountains," "Nocturnal Valse
2   Triste" and "Clockworks."

3        9.    That for the Fourth Claim For Relief for Unfair Competition in
4   violation of California law, Serendip account for and pay over to Warner Bros. in
5   accordance with California law, all damages sustained by Warner Bros. and
6   profits realized by Serendip by reason of Serendip's unlawful acts herein alleged
7   and that those damages and profits be increased as provided by law;

8        10.    That for all claims for relief, that Serendip and Carlos be directed to
9   file with this Court and serve upon Warner Bros. within thirty (30) days after
10  service on them of the injunctions herein prayed for, a written report, signed
11  under oath, setting forth in detail the manner and the form in which Serendip and
12  Carlos have complied with the Orders of this Court; and

13       11.    That for all claims for relief, that Warner Bros. recover from
14  Counter-defendants its costs of this action and reasonable attorneys' fees.

15

16  DATED:  April 9, 2009        Respectfully submitted,

17                              CALDWELL LESLIE & PROCTOR, PC

18

19

20                       By_____
                         LINDA M. BURROW
21                         Attorneys for Defendant WARNER BROS.
ENTERTAINMENT INC.

22

23

24

25

26

27

28
CALDWELL
LESLIE &
PROCTOR

**DEMAND FOR JURY TRIAL**

Defendant and Counter-claimant Warner Bros. Entertainment Inc. hereby demands trial by jury in this action.

DATED:  April 7, 2009

Respectfully submitted,

CALDWELL LESLIE & PROCTOR, PC

By _____
LINDA M. BURROW
Attorneys for Defendant WARNER BROS.
ENTERTAINMENT INC.

**EXHIBIT  A**

# CERTIFICATE OF COPYRIGHT REGISTRATION

FORM PA

This certificate, issued under the seal of the Copyright Office in accordance with the provisions of section 410(a) of title 17, United States Code, attests that copyright registration has been made for the work identified below. The information in this certificate has been made a part of the Copyright Office records.

UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

PA          77-409

PA          PAU

*David L. Ladd*

REGISTER OF COPYRIGHTS
United States of America

EFFECTIVE DATE OF REGISTRATION

7          31          80
(Month)     (Day)      (Year)

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE CONTINUATION SHEET (FORM PA/CON).**

**①**
Title

TITLE OF THIS WORK:

THE SHINING

NATURE OF THIS WORK: (See Instructions)

motion picture

PREVIOUS OR ALTERNATIVE TITLES:

---

**②**
Author(s)

IMPORTANT: Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). If any part of this work was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author"

NAME OF AUTHOR: HAWK FILMS, LTD.

1

Was this author's contribution to the work a "work made for hire"?   Yes XX   No......

DATES OF BIRTH AND DEATH:
Born...........   Died...........
(Year)          (Year)

AUTHOR'S NATIONALITY OR DOMICILE:
Citizen of Great Britain ...... or { Domiciled in ..................
(Name of Country)                          (Name of Country)

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:
Anonymous?   Yes...... No......
Pseudonymous?  Yes...... No......

AUTHOR OF: (Briefly describe nature of this author's contribution)
entire work (see space 6)

If the answer to either of these questions is "Yes," see detailed instructions attached.

NAME OF AUTHOR:

2

Was this author's contribution to the work a "work made for hire"?   Yes...... No......

DATES OF BIRTH AND DEATH:
Born...........   Died...........
(Year)          (Year)

AUTHOR'S NATIONALITY OR DOMICILE:
Citizen of ...... or { Domiciled in ..................
(Name of Country)                  (Name of Country)

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:
Anonymous?   Yes...... No......
Pseudonymous?  Yes...... No......

AUTHOR OF: (Briefly describe nature of this author's contribution)

If the answer to either of these questions is "Yes," see detailed instructions attached.

NAME OF AUTHOR:

3

Was this author's contribution to the work a "work made for hire"?   Yes...... No......

DATES OF BIRTH AND DEATH:
Born...........   Died...........
(Year)          (Year)

AUTHOR'S NATIONALITY OR DOMICILE:
Citizen of ...... or { Domiciled in ..................
(Name of Country)                  (Name of Country)

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:
Anonymous?   Yes...... No......
Pseudonymous?  Yes...... No......

AUTHOR OF: (Briefly describe nature of this author's contribution)

If the answer to either of these questions is "Yes," see detailed instructions attached.

---

**③**
Creation and Publication

YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED:

Year... 1980

(This information must be given in all cases)

DATE AND NATION OF FIRST PUBLICATION:

Date...... May 23, 1980
(Month)    (Day)    (Year)

Nation... U.S.A.
(Name of Country)

(Complete this block ONLY if this work has been published.)

---

**④**
Claimant(s)

NAME(S) AND ADDRESS(ES) OF COPYRIGHT CLAIMANT(S):

WARNER BROS. INC.
4000 Warner Blvd.
Burbank, CA  91522

TRANSFER: (If the copyright claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright.)

by assignment

---

• Complete all applicable spaces (numbers 5-9) on the reverse side of this page
• Follow detailed instructions attached   • Sign the form at line 8

DO NOT WRITE HERE

Page 1 of ...... pages

PA — 77-409

| EXAMINED BY: | APPLICATION RECEIVED: | |
| CHECKED BY: | JUN 01 | FOR COPYRIGHT OFFICE USE ONLY |
| CORRESPONDENCE: ☐ Yes | DEPOSIT RECEIVED: JUN 2 6 1980 | |
| DEPOSIT ACCOUNT FUNDS USED: ☒ | REMITTANCE NUMBER AND DATE: | |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED ADDITIONAL SPACE, USE CONTINUATION SHEET (FORM PA/CON)**

**PREVIOUS REGISTRATION**

- Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office? Yes ........... No XX

- If your answer is "Yes," why is another registration being sought? (Check appropriate box).
  - ☐ This is the first published edition of a work previously registered in unpublished form.
  - ☐ This is the first application submitted by this author as copyright claimant.
  - ☐ This is a changed version of the work, as shown by line 6 of the application.

- If your answer is "Yes," give: Previous Registration Number ................ Year of Registration ...............

(5) Previous Registration

**COMPILATION OR DERIVATIVE WORK: (See Instructions)**

PREEXISTING MATERIAL: (Identify any preexisting work or works that the work is based on or incorporates.)

...... novel by Stephen King ; some previously released music ;
...... screenplay ......

MATERIAL ADDED TO THIS WORK: (Give a brief, general statement of the material that has been added to this work and in which copyright is claimed.)

...... motion picture, including without limitation, additional dramatic
...... action and dialogue, audio, visual, and cinematographic material ......

(6) Compilation or Derivative Work

**DEPOSIT ACCOUNT:** (If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.)

Name: ...... Warner Bros. Inc. ......

Account Number: ...... DA013544 ......

**CORRESPONDENCE:** (Give name and address to which correspondence about this application should be sent.)

Name: ......

Address: ...... same as space 9. ......

(7) Fee and Correspondence

**CERTIFICATION:** ✻ I, the undersigned, hereby certify that I am the: (Check one)
☐ author ☒ other copyright claimant ☐ owner of exclusive right(s) ☐ authorized agent of: ...............
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Handwritten signature (X): WARNER BROS., INC.

Typed or printed name: BY: V. D. KNECHT, V.P.    Date: 5/29/80

(8) Certification (Application must be signed)

**MAIL CERTIFICATE**

Denise Mayer,
Warner Bros. Inc. Legal
4000 Warner Blvd.
(Number, Street and Apartment Number)
Burbank, CA. 91522
(City)    (State)    (ZIP code)

0 9 GEO 1980

(Certificate will be mailed in window envelope)

(9) Address For Return of Certificate

✻ 17 U.S.C. §506(e): FALSE REPRESENTATION—Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

**EXHIBIT B**

Registration Number:

## PA 1-621-074

Effective date of
registration:

March 2, 2009

### Title ────────────────────────────────

Title of Work: Clockworks
Title of Larger Work: Trailer for The Shining (Movie)

### Completion/ Publication ───────────────

Year of Completion: 1980

Date of 1st Publication: February 22, 1980       Nation of 1st Publication: United States

### Author ──────────────────────────────

■       Author: Warner Bros. Entertainment, Inc., employer for hire of Wendy Carlos
Author Created: music, musical arrangement

Work made for hire: Yes

Citizen of: United States                     Domiciled in: United States

■       Author: Warner Bros. Entertainment, Inc., employer for hire of Rachel Elkind
Author Created: music, musical arrangement

Work made for hire: Yes

Citizen of: United States                     Domiciled in: United States

### Copyright claimant ───────────────────

Copyright Claimant: Warner Bros. Entertainment, Inc.

10585 Santa Monica Blvd., Los Angeles, CA, 90025

### Certification ────────────────────────

Name: Lisa Minnerly
Date: March 2, 2009

Page 1 of 2

**Correspondence:** Yes

**Copyright Office notes:** Regarding publication: Year date in notice: 1979.

**EXHIBIT C**

Registration Number:

## PA 1-621-069

Effective date of
registration:

March 2, 2009

## Title

Title of Work: Nocturnal Valse Triste
Title of Larger Work: The Making Of The Shining

## Completion/ Publication

Year of Completion: 1980
Date of 1st Publication: October 4, 1980         Nation of 1st Publication: United States

## Author

■   Author: Warner Bros. Entertainment, Inc., employer for hire of Wendy Carlos
Author Created: musical arrangement

Work made for hire: Yes
Citizen of: United States                         Domiciled in: United States

■   Author: Warner Bros. Entertainment, Inc., employer for hire of Rachel Elkind
Author Created: musical arrangement

Work made for hire: Yes
Citizen of: United States                         Domiciled in: United States

## Copyright claimant

Copyright Claimant: Warner Bros. Entertainment, Inc.
10585 Santa Monica Blvd., Los Angeles, CA, 90025

## Limitation of copyright claim

Material excluded from this claim: music, Based upon PD work "Valse Triste" by Sibelius

Previous registration and year: Valse Triste     1904
New material included in claim: musical arrangement

## Certification

Name:  Lisa Minnerly
Date:  March 2, 2009

Correspondence:  Yes

Copyright Office notes:  Regarding publication: Year date in notice: 1978.  Publication date correct, authority of Lisa Minnerly in email on 3/12/09.

Page 2 of 2

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within entitled action. My business address is 1000 Wilshire Boulevard, Suite 600, Los Angeles, California 90017-2463.

On April 9, 2009, I served the within document(s) described below as:

**1) FIRST AMENDED COUNTERCLAIM**

() **BY MAIL:** By placing a true copy thereof in sealed envelopes and causing them to be deposited in the mail at Los Angeles, California. The envelopes were mailed with postage thereon fully prepaid. I am readily familiar with our firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

( ) **BY FAX:** By transmitting a true copy thereof via facsimile machine to the offices or the parties listed on the attached Service List. I caused the copy to be transmitted from the facsimile number of Caldwell Leslie & Proctor, (213) 629-9022 or (213) 629-5584. The transmission was reported as complete and without error. A copy of the transmission report is attached to this Proof of Service.

(X) **BY ELECTRONIC MAIL** By transmitting true copies of the above listed document(s) to the electronic mail addresses of the parties listed below.

() **BY PERSONAL DELIVERY:** by causing personal delivery by **APEX SERVICES** of the document listed above to the person(s) at the address set forth below.

Annemarie Franklin, Esq.
7562 Ellis Avenue, Ste. A5
Hunting Beach, CA 92648
afl02@nyc.rr.com
BY EMAIL ONLY PER AGREEMENT OF ALL PARTIES

(X) **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct of my own personal knowledge, that I am employed in an office of a member of the Bar of this Court at whose direction this service was made, and that I executed this document on April 9, 2009 at Los Angeles, California.

_Mirela Popescu_
**MIRELA POPESCU**

CALDWELL
LESLIE &
PROCTOR

-1-