**Annemarie Franklin, Esq.** (CA Bar No. 150734)
E-mail: af102@nyc.rr.com
830 Broadway
P.O. Box 1024 Cooper Station
New York, NY 10276-1024
212-475-1630

7562 Ellis Avenue, Suite A5
Huntington Beach, CA  92648
917-686-7420

**Frederick H. Cohn**
E-mail: fcohn@frederickhcohn.com
61 Broadway, Suite 1601
New York, NY 10006
212-768-1110

Attorneys for Plaintiffs and Counter-Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENDIP LLC & WENDY CARLOS,<br><br>  Plaintiffs,<br>  v.<br><br>WARNER BROS. ENTERTAINMENT INC.,<br><br>  Defendant. | CASE NO. CV 08-07739 RGK (RCx)<br><br>The Honorable R. Gary Klausner |
| WARNER BROS. ENTERTAINMENT INC.,<br><br>  Counter-Claimant,<br>  v.<br><br>SERENDIP LLC & WENDY CARLOS,<br><br>  Counter-Defendants. | **ANSWER BY COUNTER DEFENDANTS TO COUNTER-CLAIMANT'S FIRST AMENDED COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs and Counter-Defendants Serendip LLC (hereinafter "Serendip") and Wendy Carlos (hereinafter "Carlos"), (collectively "Counter-Defendants"), by their undersigned attorney and for their Answer to the First Amended Counterclaim ("Counterclaim") of Defendant and Counter-Claimant Warner Bros. Entertainment Inc. (hereinafter "Warner"), admit, deny and allege as follows:

1. Counter-Defendants admit the allegations contained in Paragraph 1 of the Counterclaim.

2. Counter-Defendants admit the allegations contained in Paragraph 2 of the Counterclaim.

3. Counter-Defendants admit the allegations contained in Paragraph 3 of the Counterclaim.

4. Counter-Defendants deny the allegations contained in Paragraph 4 of the Counterclaim.

5. Answering Paragraph 5 of the Counterclaim, Counter-Defendants admit that this is civil action between citizens of different states, but deny that the matter in controversy exceeds $75,000.

6. Counter-Defendants deny the allegations contained in Paragraph 6 of the Counterclaim.

7. Counter-Defendants deny each and every allegation contained in Paragraph 7 of the Counterclaim.

8. While Counter-Defendants admit that at some point Wendy Carlos and Rachel Elkind signed the "Composer Loanout Agreement" referred to in Paragraph 8 of the Counterclaim, Counter-Defendants deny that it was entered "on or about January 25, 1980." As to each and every other allegation contained in Paragraph 8, Counter-Defendants deny the same. Counter-Defendants allege that the language in the "Composer Loanout Agreement" speaks for itself.

9. Counter-Defendants deny each and every allegation contained in Paragraph 9 of the Counterclaim.

10. Counter-Defendants deny each and every allegation contained in Paragraph 10 of the Counterclaim. Counter-Defendants allege that the language in the "Letter Agreement" referred to in Paragraph 10 speaks for itself.

11. Counter-Defendants deny each and every allegation contained in Paragraph 11 of the Counterclaim.

12. Counter-Defendants admit that the work entitled "Clockworks" is contained in the demonstration tape referenced in the Letter Agreement, but otherwise deny each and every allegation contained in Paragraph 12 of the Counterclaim.

13. Counter-Defendants admit that an arrangement of the work entitled "Valse Triste" is contained in the demonstration tape referenced in the Letter Agreement, but otherwise deny each and every allegation contained in Paragraph 13 of the Counterclaim.

14. Counter-Defendants admit that Serendip is a successor-in-interest to Trans-Electronic Music Productions, Inc., but otherwise deny each and every allegation contained in Paragraph 14 of the Counterclaim.

15. Counter-Defendants are without specific knowledge to form a belief as to the allegations contained in Paragraph 15 of the Counterclaim.

16. Counter-Defendants admit that a musical work entitled "Rocky Mountains" and a musical work which contained an arrangement of the public domain "Dies Irae" were included in the soundtrack for the motion picture "The Shining", which was released theatrically in the United States on or about May 23, 1980. Counter-Defendants also admit that "The Shining" was registered for copyright by Warner Bros., Inc. on July 31, 1980, with registration number PA 77409. Counter-Defendants otherwise deny each and every allegation contained in Paragraph 16 of the Counterclaim.

17. Counter-Defendants admit that Warner attempted to register works entitled "Clockworks" and "Nocturnal Valse Triste" in the U.S. Copyright Office,

but otherwise deny each and every allegation contained in Paragraph 17 of the Counterclaim.

18.    For their response to the allegations contained in Paragraph 18 of the Counterclaim, Counter-Defendants incorporate the responses herein to Paragraphs 1 through 17, inclusive.

19.    Counter-Defendants admit that Warner and/or its predecessors-in-interest have owned the copyright to the motion picture "The Shining", but otherwise deny each and every allegation contained in Paragraph 19 of the Counterclaim.

20.    Counter-Defendants admit that a copy of the certificate of registration for "The Shining" from the Register of Copyrights is attached as Exhibit A to the Counterclaim, but otherwise deny each and every allegation contained in Paragraph 20 of the Counterclaim.

21.    Counter-Defendants deny each and every allegation contained in Paragraph 21 of the Counterclaim.

22.    Counter-Defendants deny each and every allegation contained in Paragraph 22 of the Counterclaim.

23.    For their response to the allegations contained in Paragraph 23 of the Counterclaim, Counter-Defendants incorporate the responses herein to Paragraphs 1 through 22, inclusive.

24.    Counter-Defendants deny each and every allegation contained in Paragraph 24 of the Counterclaim.

25.    Counter-Defendants deny each and every allegation contained in Paragraph 25 of the Counterclaim.

26.    Counter-Defendants deny each and every allegation contained in Paragraph 26 of the Counterclaim.

27.    Counter-Defendants deny each and every allegation contained in Paragraph 27 of the Counterclaim.

28. For their response to the allegations contained in Paragraph 28 of the Counterclaim, Counter-Defendants incorporate the responses herein to Paragraphs 1 through 27, inclusive.

29. Counter-Defendants deny each and every allegation contained in Paragraph 29 of the Counterclaim.

30. Counter-Defendants deny each and every allegation contained in Paragraph 30 of the Counterclaim.

31. Counter-Defendants deny each and every allegation contained in Paragraph 31 of the Counterclaim.

32. Counter-Defendants deny each and every allegation contained in Paragraph 32 of the Counterclaim.

33. For its response to the allegations contained in Paragraph 33 of the Counterclaim, Serendip incorporates the responses herein to Paragraphs 1 through 32, inclusive.

34. Serendip admits that it submitted an application to the U.S. Copyright Office to register for copyright a compilation entitled "Rediscovering Lost Scores" and the individual works contained therein. Serendip admits that among the works contained in "Rediscovering Lost Scores" are works entitled "Nocturnal Valse Triste" and "Clockworks." Serendip denies that "Rediscovering Lost Scores" contains a work entitled "Dies Irae" or contains the work entitled "Rocky Mountains" which was included in the soundtrack of "The Shining." Serendip otherwise denies each and every allegation contained in Paragraph 34 of the Counterclaim.

35. Serendip admits that it did not designate "Rediscovering Lost Scores" and the individual works contained therein as works "made for hire" in the copyright registration application filed with the U.S. Copyright Office.

36. Serendip admits that it claims ownership of the copyrights to "Rediscovering Lost Scores" and the individual works contained therein pursuant

to a transfer of all rights by author. Serendip further admits that it designated Wendy Carlos and Rachel Elkind as the authors of "Rediscovering Lost Scores" and the individual works contained therein in the copyright registration application. Serendip alleges that the registration application filed with the U.S. Copyright Office speaks for itself.

37.  Serendip denies each and every allegation contained in Paragraph 37 of the Counterclaim.

38.  Serendip admits that the U.S. Copyright Office issued copyright certificate number SR-610073 to Serendip for "Rediscovering Lost Scores" and the individual works contained therein, and that a copy of the registration certificate is attached to the Complaint as Exhibit B. Serendip otherwise denies each and every allegation contained in Paragraph 38 of the Counterclaim.

39.  Serendip denies each and every allegation contained in Paragraph 39 of the Counterclaim.

40.  Serendip denies each and every allegation contained in Paragraph 40 of the Counterclaim.

41.  Serendip denies each and every allegation contained in Paragraph 41 of the Counterclaim.

42.  Serendip denies each and every allegation contained in Paragraph 42 of the Counterclaim.

43.  Serendip denies each and every allegation contained in Paragraph 43 of the Counterclaim.

44.  Answering Paragraphs 1 through 11, inclusive, of Warner's prayer for relief, Counter-Defendants deny that Warner is entitled to the relief sought in these paragraphs, and deny that Warner is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses, and without conceding that Counter-Defendants bear the burden of proof as to any of these issues, Counter-Defendants assert the following affirmative defenses:

45. Warner lacks standing to institute or maintain the Counterclaim, and each claim therein.

46. Warner's certificate of registration of copyright for "Clockworks" does not constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate because the registration was not made within five years after first publication of the work.

47. "Clockworks" was created by Wendy Carlos and Rachel Elkind in 1978 and is not a work "made for hire."

48. Warner's second claim for relief in the Counterclaim for copyright infringement is barred by fraud on the U.S. Copyright Office:

   (a) Warner informed the Copyright Office that "Clockworks" was created in 1980, despite that it was actually created in 1978;

   (b) Warner informed the Copyright Office that "Clockworks" is a work "made for hire" with Warner Bros. Entertainment Inc. as the author, despite that there is no express written agreement, executed in advance of creation of the work, between Warner, or any other entity, and the actual authors, Wendy Carlos and Rachel Elkind, providing that it was to be a work "made for hire;"

   (c) Warner informed the Copyright Office that "Clockworks" was published in 1980, despite that it was actually published in 1979;

   (d) Warner did not inform the Copyright Office of the prior 2007 copyright registration of "Rediscovering Lost Scores" containing "Clockworks", despite Warner's knowledge of the registration;

(e) Warner purposefully did not submit the "best edition" of "Clockworks", which was the compact disk of "Rediscovering Lost Scores" containing "Clockworks", to the Copyright Office as the required deposit copy;

(f) At the time of Warner's foregoing material representations and omissions, Warner knew that they were false and intended to mislead the Copyright Office;

(g) The Copyright Office relied upon Warner's foregoing material representations and omissions and would not have issued copyright registration number PA-1621074 for "Clockworks" to Warner had it known the facts as provided in this Paragrraph 48; and

(h) Counter-Defendants have been damaged by Warner's fraudulent registration, which provides public notice of a false ownership claim, and was submitted by Warner as a predicate for the second claim for relief in the Counterclaim.

49. Warner's certificate of registration of copyright for "Nocturnal Valse Triste" does not constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate because the registration was not made within five years after first publication of the work.

50. "Nocturnal Valse Triste" was created (as "Triste") in 1978 by Wendy Carlos and Rachel Elkind, and is not a work "made for hire."

51. Warner's third claim for relief in the Counterclaim for copyright infringement is barred by fraud on the Copyright Office:

(a) Warner informed the Copyright Office that "Nocturnal Valse Triste" was created in 1980, despite that it was actually created in 1978;

(b) Warner informed the Copyright Office that "Nocturnal Valse Triste" is a work "made for hire" with Warner Bros.

       Entertainment Inc. as the author, despite that there is no express written agreement, executed in advance of creation of the work, between Warner, or any other entity, and the actual authors, Wendy Carlos and Rachel Elkind, providing that it was to be a work "made for hire;"

(c) Warner informed the Copyright Office that "Nocturnal Valse Triste" was published in 1980, despite the fact that it was actually published as "Triste" in 1980;

(d) Warner did not inform the Copyright Office of the prior 2007 copyright registration of "Rediscovering Lost Scores" containing "Nocturnal Valse Triste", despite Warner's knowledge of the registration;

(e) Warner purposefully did not submit the "best edition" of "Nocturnal Valse Triste", which was the compact disk of "Rediscovering Lost Scores" containing "Nocturnal Valse Triste", to the Copyright Office as the required deposit copy;

(f) At the time of Warner's foregoing material representations and omissions, Warner knew that they were false and intended to mislead the Copyright Office;

(g) The Copyright Office relied upon Warner's foregoing material representations and omissions and would not have issued copyright registration number PA-1621069 for "Nocturnal Valse Triste" to Warner had it known the facts as provided in this Paragraph 51; and

(h) Counter-Defendants have been damaged by Warner's fraudulent registration, which provides public notice of a false ownership claim, and was submitted by Warner as a predicate for the third claim for relief in the Counterclaim.

52. Warner's first claim for relief in the Counterclaim for copyright infringement must fail because the copyright registration for the motion picture "The Shining" does not cover the music included in "Rediscovering Lost Scores"; the copyright registration application had material inaccuracies or omissions regarding the music; none of the individual works contained in "Rediscovering Lost Scores" was used in the soundtrack of "The Shining"; "Rocky Mountains" was created in 1979 and there is no express written agreement executed in advance between Hawk Films Ltd., or any other entity, and the actual authors, Wendy Carlos and Rachel Elkind, providing that it was to be a work "made for hire"; and "Dies Irae" is a medieval hymn in the public domain.

53. Each and every claim for relief in the Counterclaim for copyright infringement is barred because copyright begins at the time a creative work is fixed in a tangible medium of expression, and prior created works cannot infringe the copyrights of works created subsequently.

54. Warner's fourth claim for relief in the Counterclaim for unfair competition, is preempted by the Copyright Act, 17 U.S.C. §101 *et seq*.

55. Warner's Counterclaim, and each claim therein, is barred by the doctrine of unclean hands based upon Warner's actions, including but not limited to the actions specified in Paragraphs 48 and 51 herein, which were undertaken by Warner during the pendency of this action, on or about March 2, 2009, inconsistent with Warner's pleadings and admissions and the Complaint, and intended to cause harm, and causing harm, to Counter-Defendants.

56. The purported agreement referenced in Paragraph 7 of the Counterclaim is barred by the statute of frauds and the Copyright Act, 17 U.S.C. §101 *et seq*.

57. Warner's Counterclaim, and each claim therein, is barred by the doctrine of laches.

58. Warner's Counterclaim, and each claim therein, is barred by the doctrine of waiver.

59. Warner's Counterclaim, and each claim therein, is barred by the applicable statutes of limitations.

WHEREFORE, Counter-Defendants Serendip LLC and Wendy Carlos pray that this Court:

(a) Enter judgment that Warner takes nothing by its Counterclaim;

(b) Enter judgment that Warner does not own the copyrights to "Rediscovering Lost Scores" and the individual works contained therein, including but not limited to "Clockworks", "Nocturnal Valse Triste" and "The Rocky Mountains", and that Warner's claim that these works, or any of the individual works contained in "Rediscovering Lost Scores" are works "made for hire" on Warner's behalf (or on behalf of any predecessor in interest), with Warner (or any predecessor in interest) considered the author, is invalid, void and without force and effect;

(c) Grant a permanent injunction enjoining Warner, its employees, agents and servants, and all persons acting in concert with or for them, from directly or indirectly in any manner claiming ownership of the copyrights to "Rediscovering Lost Scores" and the individual works contained therein, including but not limited to "Clockworks", "Nocturnal Valse Triste" and "The Rocky Mountains", and requiring Warner to withdraw its registrations of copyright for "Clockworks" and "Nocturnal Valse Triste" in the U.S. Copyright Office;

(d) Award Serendip and Carlos their costs and attorneys' fees; and

(e) Grant such other and further relief to Serendip and Carlos as this Court may deem just and proper.

DATED: April 17, 2009       Respectfully submitted,


By _____/s/_____
   **Annemarie Franklin**
Attorney for Plaintiffs and Counter-Defendants
SERENDIP LLC and WENDY CARLOS


## DEMAND FOR JURY TRIAL

Counter-Defendants Serendip LLC and Wendy Carlos hereby demand a trial by jury in this action.

DATED: April 17, 2009       Respectfully submitted,


By _____/s/_____
   **Annemarie Franklin**
Attorney for Plaintiffs and Counter-Defendants
SERENDIP LLC and WENDY CARLOS

-11-