1  CALDWELL LESLIE & PROCTOR, PC
   CHRISTOPHER G. CALDWELL, SBN 106790
2  Email: caldwell@caldwell-leslie.com
   LINDA M. BURROW, SBN 194668
3  Email: burrow@caldwell-leslie.com
   TINA WONG, SBN 250214
4  Email: wong@caldwell-leslie.com
   1000 Wilshire Blvd., Suite 600
5  Los Angeles, California 90017-2463
   Telephone (213) 629-9040
6  Facsimile (213) 629-9022

7  Attorneys for Defendant and Counter-claimant
   WARNER BROS. ENTERTAINMENT INC.
8

9  [Additional counsel appear on next page]

10           **UNITED STATES DISTRICT COURT**

11         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| SERENDIP LLC & WENDY CARLOS,<br><br>Plaintiffs,<br>v.<br><br>WARNER BROS. ENTERTAINMENT INC.,<br><br>Defendant. | CASE NO. CV 08-07739 RGK (RCx)<br><br>The Honorable R. Gary Klausner<br><br>**STIPULATION FOR PROTECTIVE ORDER** *and Order* |
| AND RELATED COUNTERCLAIMS. | |

NOTE CHANGES MADE BY THE COURT.

ANNEMARIE FRANKLIN, SBN 150734
Email: af102@nyc.rr.com
830 Broadway
P.O. Box 1024 Cooper Station
New York, New York 10276-1024
Telephone (212) 475-1630

7562 Ellis Avenue, Suite A5
Huntington Beach, California 92648
Telephone (917) 686-7420

FREDERICK H. COHN
Email: fcohn@frederickhcohn.com
61 Broadway, Suite 1601
New York, New York 10006
Telephone (212) 768-1110

Attorneys for Plaintiffs and Counter-defendants
SERENDIP LLC and WENDY CARLOS

CALDWELL
LESLIE &
PROCTOR

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiffs and Counter-defendants Serendip LLC and Wendy Carlos (collectively "Plaintiffs") and Defendant and Counter-claimant Warner Bros. Entertainment Inc. ("Warner Bros." or "Defendant") (the parties shall be referred to collectively as the "Parties"), BY AND THROUGH THEIR UNDERSIGNED COUNSEL OF RECORD, HEREBY STIPULATE AND AGREE TO THE REQUEST FOR, AND ENTRY OF, THE FOLLOWING STIPULATED PROTECTIVE ORDER:

1. Parties and third parties may designate any Document, including answers to interrogatories and requests for admissions, documents obtained by inspection of files or facilities or by production of documents, or any portion of any Document, as well as any Transcript and exhibits thereto, produced or filed in this proceeding, as "Confidential."

   (a) "Document" shall mean any papers, tapes, documents, disks, diskettes, and other tangible things produced by any person in connection with this litigation, and shall include, without limitation, all original written, recorded (sound or video) or graphic matters and all non-identical copies thereof.

   (b) "Transcript" shall mean any stenographic or verbatim recording of an interview, sworn statement, deposition, or hearing.

2. For purposes of this Stipulated Protective Order, "Confidential Information" shall mean (1) sales figures identifying the quantities of entertainment products sold by the Parties; (2) revenues earned by the Parties in connection with the sale and/or licensing of entertainment products; (3) costs incurred by the Parties in connection with the sale and/or licensing of entertainment products; (4) net profits realized by the Parties in connection with the sale and/or licensing of entertainment products; (5) consideration paid by or to the Parties to third parties for licensing and other rights; (6) financial terms of agreements between any Party and third parties concerning sales and/or licensing of entertainment products; (7) any information otherwise protectable as a trade

secret pursuant to Section 3426.1 of the California Civil Code; and (8) any information that either Party reasonably believes is sufficiently competitively sensitive so as to warrant protection under this Stipulated Protective Order.

3.  Confidential Information shall be used only for the purpose of litigation of this action and shall not be used for any other purpose whatsoever.

4.  For purposes of this Stipulated Protective Order, "Qualified Persons" shall mean the following:

(a)  Counsel for any party hereto, including in-house counsel, and all partners, associates or of-counsel attorneys of counsel's law firm and all paralegal assistants, stenographic and clerical employees thereof when operating under the direct supervision of such partners, associates or of-counsel attorneys.

(b)  Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial and/or trial of this action.

(c)  Any party to this action, including but not limited to any partner, employee or representative thereof, who has, prior to the disclosure of any information designated as Confidential, signed the statement attached hereto as Exhibit "A" (which is to be maintained by counsel of record for that party) attesting to the fact that he or she has reviewed and agreed to be bound by the provisions of this Stipulated Protective Order;

(d)  Persons whose depositions are being taken in this action, who have, prior to the commencement of their deposition, signed the statement attached hereto as Exhibit "A" (which is to be made part of the official transcript of that deposition) attesting to the fact that they have reviewed and agreed to be bound by the provisions of this Stipulated Protective Order;

(e)  Independent experts or consultants (not regularly employed by or otherwise associated with a party) who are retained to assist in the handling of this action to furnish technical or expert advice or to give expert

testimony at trial, provided that disclosure of Confidential Information to such experts or consultants shall be made only on the following conditions:

    (i)    Prior to any Confidential Information being disclosed to any expert, consultant or witness, counsel of record shall be required to obtain from said expert, consultant or witness a signed statement, in the form of Exhibit "A" attached hereto (which shall be maintained by counsel of record for that party), attesting to the fact that the expert, consultant or witness has reviewed and agreed to be bound by the provisions of this Stipulated Protective Order.

    (ii)    In the event a consulting expert becomes a testifying expert, a copy of the expert's executed statement in the form of Exhibit "A" must be provided to opposing counsel in advance of the expert testifying at deposition or trial.

5. Information designated as Confidential may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to Qualified Persons.

6. The party or third party seeking protection may designate information as "Confidential" by placing or affixing to the Document or Transcript, prior to production, the notation "Confidential." Such designation shall constitute a representation by counsel for the party or third party making the designation that the Document or the Transcript, or any portion thereof so designated, constitutes Confidential Information as defined in Paragraph 2 of this Stipulated Protective Order.

    (a)    A party or third party that inadvertently fails to mark an item as Confidential at the time of production shall have ten (10) days thereafter to so mark the item. Such designation and notice thereof shall be made in writing, accompanied by substitute copies of any documents appropriately marked as Confidential. Within five (5) days of receipt of the substitute copies, the receiving party shall return or destroy the previous unmarked

-4-

items and all copies thereof. Until expiration of the aforesaid ten (10) day period, all items produced shall be treated as Confidential.

(b) All items produced prior to the filing and entry of this Stipulated Protective Order may be designated as Confidential within fifteen (15) days of the filing and entry.

7. If a party wishes to designate testimony or an exhibit as Confidential during the course of a deposition in this action, it shall do so by stating such designation on the record. Counsel for the party designating the testimony or exhibit as Confidential shall make reasonable arrangements to have only Qualified Persons present during the Confidential testimony and/or presentation, quotation or reference to the Confidential exhibit.

8. When Confidential Information is incorporated into a Transcript of a deposition, arrangements shall be made with the attending reporter to label the relevant portion of the Transcript as Confidential. Such relevant portions of the Transcripts (and all copies thereof) shall thereafter be subject to the same provisions herein as apply to any other Confidential Information.

9. The substance or content of Confidential Information, as well as all notes and memoranda relating thereto, shall not be disclosed to anyone other than Qualified Persons, either during the pendency of this action, or subsequent to its final determination. Confidential Information and all copies thereof shall at all times be kept in the custody and under the control of counsel of record, who shall take reasonable precautions to ensure that no unauthorized disclosure occurs.

10. If a party files papers with the Court that include Confidential Information, such papers shall be accompanied by an application to file the papers, or the confidential portion thereof, under seal, [as set forth in Local Rule 79-5.1.] The application must demonstrate good cause for the under seal filing. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

11. Upon the final determination of this action, whether by final non-appealable judgment, settlement or otherwise:

   (a) The terms of this Stipulated Protective Order shall be made a part of any judgment or order of dismissal and shall be binding in perpetuity on all Qualified Persons;

   (b) Counsel of record for each party receiving Confidential Information shall, upon written request by the party that produced the Confidential Information, either assemble and return to the disclosing party all Documents designated as Confidential or shall assemble and destroy all Documents and things containing such Confidential Information, including all summaries or other material containing or disclosing Confidential Information, the destruction of which shall be confirmed in writing to the disclosing party within thirty (30) days of a request for such return or destruction made by the party producing the Confidential Information. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

12. Nothing in this Stipulated Protective Order shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any document, material, transcript, or other information that is not otherwise relevant, authenticated, or admissible, or does not possess an adequate foundation.

13. If any party desires to seek a modification of this Stipulated Protective Order, the procedure for obtaining a decision from the Court is set forth in Local Rule 37.

14. Inadvertent production by any party of a document containing privileged attorney-client or other privileged communications, attorney work product immunity, or other information not subject to discovery, shall not constitute a waiver of any privilege, immunity or other right not to produce such a document. Any such document and any copies made of it shall be returned to the producing party immediately upon its request.

CALDWELL
LESLIE &
PROCTOR

-6-

15. Nothing in this Stipulated Protective Order shall bar or otherwise restrict any attorney herein from rendering legal advice to a party in this case.

16. In the event a dispute arises regarding the designation of Confidential Information, the procedure for obtaining a decision from the Court is set forth in Local Rule 37. If the Parties want to file the Joint Stipulation required by Local Rule 37 under seal, the Parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The Parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal, *and must comply with Local Rule 79-5.1.*

17. The terms herein are Orders of the Court and not merely recitals, with this document containing the entire Stipulation between the Parties. This Stipulated Protective Order can only be changed or terminated in a writing signed by each of the Parties hereto and/or by an Order of the Court.

By the signature of their undersigned attorneys, the Parties and their counsel stipulate that they will be bound by the foregoing provisions and further stipulate that this Stipulated Protective Order may be signed, filed and entered by the Court.

IT IS SO ORDERED: *as amended at paras. 10 + 16.*

_____  7/22/09
ROSALYN M. CHAPMAN
U.S. MAGISTRATE JUDGE

## STATEMENT OF GOOD CAUSE

Plaintiffs have brought an action for breach of contract, copyright infringement, and related claims against the Defendant. Defendant has counterclaimed against Plaintiffs for copyright infringement and unfair competition. The damages alleged by the Parties involve information that each party seeks to protect, including information regarding revenues, costs, and net profits. Each Party considers certain of its business and financial information at issue to be proprietary and commercially sensitive. In order to accommodate each side's position and avoid lengthy and expensive litigation over the issue, the Parties agree that a mutually appropriate protective order will speed the discovery and litigation processes. Therefore, the Parties believe good cause exists for designating such information "Confidential."

Because the claims at issue do not involve many of these sensitive terms, the Parties would propose that, when possible, they file redacted versions of documents containing irrelevant "Confidential" information, rather than seeking to file the entire document under seal.

Respectfully submitted,

CALDWELL LESLIE & PROCTOR, PC

DATED: July 16, 2009    By /s/ LINDA M. BURROW
Attorneys for Defendant and Counter-claimant
WARNER BROS. ENTERTAINMENT INC.

DATED: July 10, 2009   By /s/ ANNEMARIE FRANKLIN
Attorney for Plaintiffs and Counter-defendants
SERENDIP LLC and WENDY CARLOS

CALDWELL
LESLIE &
PROCTOR

-8-

# EXHIBIT "A"

## ACKNOWLEDGEMENT OF AND AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

This is to certify that I, the undersigned, have read and am fully familiar with the provisions of the Stipulated Protective Order filed and entered in the case *Serendip LLC & Wendy Carlos v. Warner Bros. Entertainment Inc.*, Case No. CV 08-07739 RGK (RCx) (hereinafter referred to as the "Stipulated Protective Order").

As a condition precedent to the disclosure to me of any Confidential Information pursuant to the Stipulated Protective Order, or my obtaining any information contained in said material, I hereby agree that the Stipulated Protective Order is binding upon me, and I further agree to keep all such material and information in strictest confidence and otherwise to observe, comply with, and be bound by the provisions of the Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct. Executed at _____, this \_\_\_ day of _____, 2009.

Signature: _____

Name: _____

Address: _____

_____

Telephone: _____

CALDWELL LESLIE & PROCTOR